OPINION OF THE COURT — bv the
How. PO WHATTAN ELLIS..
This is an action of trespass on the case, on a promissory note, trial and verdict for the plaintiff at the September term, 1823. On a motion: for anew trial, the judge doubting as to the rule of decison, referred the: cause to this court, and made the following report:
When this cause came on to be heard, the plaintiff by' his attorneys Joseph E. Davis, Esquire, in support of the declaration, offered in evidence-a note of hand, bearing date 1st April, 1819, signed for E. Shackelford & Co. by Samuel B. Furguson. To the introduction of this testimony, it was objected by Edward Turner, Esq. that the agency ofFurguson must first be shewn. A witness was introduced, who proved that E. Shackle-ford had admitted, that he employed Samuel B. Furguson to collect debts,, and had sent him for that purpose, but instead of collecting the debt, he-had purchased land, and given this note as a part of the purchase money. That he brought back with him the certificate assigned to Shackleford, who was dissatisfied with .the bargain, but acccepted the land, and in order to secure himself, took possession thereof, and still holds the same.— The court charged the jury, that whenever a special agent exceeds his authority, his principal is not bound by his acts, unless the principal ratifies and makes them his own. Under that instruction, it was left to the jury. It was offered in evidence, that there had been a firm under the name of E. Shackleford & Co., composed of E. Shackleford, William Furguson, and Samuel B. Furguson. It was not shown that E. Shackle- *150 ford, and William Furguson composed a particular firm by themselves, nci was (here any evidence to that point. The publication in A. Marshall^» paper, of the dissolution of partnership, was shewn, and the publication' appears to have been some where about the beginning of February, 1819. To consider a person as contracting through the intervention of an agent, it must appear, that the agent was acting within the scope of his authority, or his acts will not bind his principal. “An agent is a person who transacts the business of another and by his authority,” which authority to act, may be either general or special. If it be general, any act done by the agent, within the limits of his ostensible powers, as a factor or consignee, will bind the principal, although there may have been secret instructions, directing the agent to pursue a different course. 1 Livermore, 107!
But the case is otherwise, when the agent acts under limited and special powers, unless the principal ratifies the doings of this special agent, i Livermore, 392. Furguson was a special agent, to transact the collecting business of Shackelford, but transcended the bounds of his powers, and purchased land, and executed the note for the payment of the purchase money in the name of E. Shackelford, and took an assigmnment of the certificate for his benefit; Shackelford expressed some dissatisfaction at the course pursued by the agent, but in order to secure his debt, took possession of the land, and held it at the time of the trial, which was an undoubted ratification of the acts of his agent which must bind him. See 1, Johnson’s cases, 110,2 T. R. 188.
Motion for a new trial overruled.